UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD L. GILLISPIE<br><br>Defendant. | Case No. 1:14-cr-00236-S-EJL<br><br><br>ORDER |

      The United States has moved this Court for an order vacating the existing trial date in the instant case – July 14, 2015 – because Defendant Donald L. Gillispie allegedly absconded to avoid prosecution and trial.  Further, the government moved this Court for an order excluding all time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) & (B), from May 19, 2015 – the date of the arraignment at which the defendant first failed to appear – until a time at which he is arrested and brought before the Court for arraignment on the superseding indictment.  Finally, the government moved this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B), to exclude an additional 90 days to serve the ends of justice because the defendant's alleged flight has complicated the government's witness and trial preparation efforts.

      Defendant's counsel filed a response to the motion indicating Defendant has no objection to vacating the trial date, continuing the trial date to a future date and excluding the delay from the Speedy Trial Act calculations.  Additionally, Defendant does object to a finding by the Court that Defendant absconded with notice of the arraignment on the superseding indictment.

ORDER TO VACATE AND EXCLUDE TIME - 1

The Court may exclude delay "resulting from the absence or unavailability of the defendant." 18 U.S.C. § 3161(h)(3)(A). A defendant is "considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution." 18 U.S.C. § 3161(h)(3)(B). The Court finds that the defendant twice failed to appear for arraignment on the superseding indictment, first on May 19, 2015 and then on May 21, 2015. The defendant has offered no justification for his failures to appear, nor did counsel offer one to the magistrate judge at Defendant's scheduled arraignments. Defendant's whereabouts remain unknown. Accordingly, the Court concludes that the delay beginning on May 19, 2015 was caused by the Defendant's absence to avoid apprehension or prosecution. *Id.* Moreover, the Court finds that the Defendant's absence, and the uncertainty as to the trial date it causes, undermines the government's effective witness preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

**IT IS ORDERED THAT** the United States' Motion to Vacate the Trial Date and Exclude Time Under the Speedy Trial Act (Dkt. 35) is **GRANTED** and the existing trial date is **VACATED.** A new trial date will be set upon arrest and arraignment of the defendant. The Government shall file a notice with the Court when Defendant is arrested on the outstanding bench warrant.

**IT IS FURTHER ORDERED THAT** the period from May 19, 2015 through the date of Defendant's appearance at arraignment is excluded under the Speedy Trial Act because this delay resulted from the Defendant's absence and attempt to avoid apprehension or prosecution. 18 U.S.C. § 3161(h)(3)(A) & (B).

ORDER TO VACATE AND EXCLUDE TIME - 2

**IT IS FURTHER ORDERED THAT** that the Court shall exclude an additional 90 days once Defendant is arraigned under the Speedy Trial Act to serve the ends of justice and allow adequate time for the Government and Defendant to prepare for trial.  18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

DATED: June 17, 2015

_____
Edward J. Lodge
United States District Judge